IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (BALTIMORE DIVISION)

---

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF MARYLAND, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civil Action No. _____ <br> : <br> : |
| ARKEMA INC., <br> BAYER CROPSCIENCE, LP, <br> FMC CORPORATION, <br> HONEYWELL INTERNATIONAL, INC., <br> LEBANON SEABOARD CORPORATION, <br> MONTROSE CHEMICAL CORPORATION <br> OF CALIFORNIA, <br> OCCIDENTAL CHEMICAL CORPORATION, <br> OLIN CORPORATION, <br> RHONE-POULENC, <br> ROHM AND HAAS COMPANY, <br> SHELL OIL COMPANY, <br> SYNGENTA CROP PROTECTION, LLC., <br> THE CHEMOURS COMPANY FC, LLC, <br> UNION CARBIDE CORPORATION, <br> WILMINGTON SECURITIES, INC., <br> and <br> 21ST CENTURY FOX AMERICA, INC., | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

---

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States, and at the request of Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Maryland, by the authority of the Attorney General of Maryland, and at the request of the Maryland Department of the Environment ("MDE") (collectively, the "State"), through the undersigned attorneys, allege as follows:

1

## STATEMENT OF THE CASE

1.      This is a civil action for injunctive relief and recovery of costs brought pursuant to Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606 and 9607(a), and Maryland Environment Code §§ 7-201 et seq., against the above-named Defendants. The United States and the State seek injunctive relief, pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606 and Maryland Environment Code § 7-222(a)(2)(iii), to remedy conditions in connection with the release and/or threatened release of hazardous substances into the environment at or from Operable Unit 1 ("OU-1") of the Central Chemical Superfund Site ("Site"), located near Hagerstown, Maryland. In addition, the United States seeks to recover past unreimbursed response costs and future response costs, pursuant to Section 107(a) of CERCLA, 42 U.S.C. §§ 9607(a), incurred or to be incurred as a result of releases or threatened releases of hazardous substances from OU-1. The United States also seeks a judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), declaring that each Defendant is liable for future response costs to be incurred as a result of releases or threatened releases of hazardous substances from OU-1.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action and the parties hereto, pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1367.

3.      Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and pursuant to 28 U.S.C. § 1391(b), because the claims arose and the threatened and actual

releases of hazardous substances that give rise to these claims occurred in this District and because the Site is located in this District.

## DEFENDANTS

4. Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. Each Defendant: (1) conducted business in the State of Maryland and/or by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by each such Defendant at the Site, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3); (2) is a successor-in-interest to a person that conducted business in the State of Maryland and/or by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person at the Site, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3); or (3) otherwise acquired liability for a person that conducted business in the State of Maryland and/or by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person at the Site, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

## GENERAL ALLEGATIONS

6. The Site consists of a 19-acre parcel of land located on Mitchell Avenue within the city limits of Hagerstown in Washington County, Maryland at 39° 39' 23" north latitude and 77° 43' 27" west longitude, and any areas where Site-related hazardous substances have come to be located.

7. From the early l930s until the mid-1960s, CCC operated a chemical plant on the Site, which blended agricultural pesticides and fertilizers. An insecticide plant was located on the northern portion of the Site and a fertilizer plant was located on the southern portion of the Site.

8. The pesticide blending operation included the use of raw pesticides manufactured at other locations, such as Dichlorodiphenyltrichloroethane (DDT), Sevin, Dichlorodiphenyldichloroethane (DDD), Daconil (fungicide), Guthion (an organophosphate pesticide), Aldrin, Dieldrin, Chlordane, Toxaphene, lead arsenate, and Omite (insecticide), which were blended with inert materials to produce commercial grade products using air and hammer mills and wetting agents.

9. In 1965, the air mills at the plant were destroyed by fire. Much but not all pesticide production at the plant ceased at that time. CCC continued its fertilizer operations at the plant until 1984. The Central Chemical property is currently vacant, and is occupied by concrete slabs associated with the former buildings.

10. Waste materials from the manufacturing processes, including waste generated during the cleaning of the processing equipment, were disposed of on-Site.

11. Contaminated soils are present at the Site. Based on the results of the EPA-accepted risk assessment for the Site, the following contaminants of concern have been found in soils on the Central Chemical property: 2,4-DDT; 2,4-DDD; 4,4-DDT; 4,4-DDD; Aldrin; alpha-Chlordane; Arsenic; Benzo(a)pyrene; alpha-BHC; beta-BHC; delta-BHC; gama-BHC; Dieldrin; Heptachlor Epoxide; Heptachlor; gamma-Chlordane; and Toxaphene.

12. Contaminated waste materials (including powders) are also present in an on-Site former waste lagoon in the northern portion of the Central Chemical property. The waste materials present in

the former waste lagoon contain hazardous substances, including total DDX (summation of DDT isomers and breakdown products) and total BHC (summation of BHC isomers).

13. The hazardous substances found on-Site include human and environmental toxins as well as known or suspected carcinogens and mutagens.  They have been shown to cause a variety of adverse effects to exposed populations.  Arsenic is a known human carcinogen implicated in skin cancer in humans.  Benzo(a)pyrene is a probable human carcinogen that has been associated with lung and scrotal cancer.  Aldrin is a probable human carcinogen that can cause birth defects, damage to the reproductive, system, liver toxicity, and central nervous system abnormalities and is highly toxic to aquatic organisms.  DDT is a probable human carcinogen that accumulates in fatty tissue and damages the reproductive system, central nervous system, and liver.  It is also highly toxic to aquatic organisms, and is believed responsible for the decreased reproductive success of many bird species.

14. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List ("NPL"), set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on September 25, 1997, 62 Fed. Reg. 50442.

15. On September 12, 1997, EPA entered into an Administrative Order on Consent for Remedial Investigation/Feasibility Study, Docket No. 97-105-DC ("RI/FS AOC"), with a group of Potentially Responsible Parties ("PRPs"), including Allied Signal, Inc., FMC Corporation, Novartis Corporation, Olin Corporation, Shell Oil Company, Union Carbide Corporation, and Wilmington Securities, Inc. (collectively, "RI/FS Settling Defendants").

16. In March 2003, the RI/FS Settling Defendants commenced the Remedial Investigation and Feasibility Study for the Site, pursuant to 40 C.F.R. § 300.430.  The Remedial Investigation Report,

dated December 20, 2006, was approved by EPA on February 10, 2009.  The Feasibility Study Report, dated April 1, 2009, was approved by EPA on April 22, 2009.

17. On September 30, 2009, EPA issued a Record of Decision ("ROD") selecting the remedial action for OU-1 at the Site.

18. The RI/FS Settling Defendants performed a treatability study and pre-Remedial Design Investigation ("pre-RDI") at the Site, as set forth in the ROD, under the authority of the RI/FS AOC, to determine the design parameters for the selected remedy.  On February 20, 2015, EPA approved the RI/FS Settling Defendants' treatability study;  EPA accepted the pre-RDI report on May 11, 2015.

19. On August 23, 2013, EPA entered into an Administrative Settlement Agreement and Order on Consent for Remedial Design, Docket No. CERC-03-2013-0044, as amended on September 8, 2014, with a larger group of PRPs, including Arkema Inc., Bayer CropScience, LP, E. I. Du Pont de Nemours and Company, FMC Corporation, Honeywell International, Inc., Lebanon Seaboard Corporation, Montrose Chemical Corporation of California, News Publishing Australia Limited, Occidental Chemical Corporation, Olin Corporation, Rohm and Haas Company, Rhone-Poulenc, Shell Oil Company, Syngenta Crop Protection, LLC, Union Carbide Corporation, and Wilmington Securities, Inc., (collectively, "RD Respondents") to commence the remedial design for the Site.

## SPECIFIC ALLEGATIONS

20. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. The substances identified in Paragraphs 11 through 13 of this Complaint are "hazardous substances" as that term is defined by section 101(14) of CERCLA, 42 U.S.C. § 9601(14), because they are listed pursuant to Section 102 of CERCLA, 42 U.S.C. § 9602, and at 40 C.F.R. § 302.4.

22.     At all times relevant to this action, there has been a "release" or a "threatened release" of "hazardous substances" into the environment at or from the Site, within the meaning of Sections 101(8), 101(14), 101(22), 104(a) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(8), 9601(14), 9601(22), 9604(a), and 9607(a).

23.     As a result of the release or threatened release of hazardous substances from the Site, the United States has incurred costs authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, as defined by Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) and (25).

24.     EPA's response actions taken at or in connection with the Site and the costs incurred incident thereto are not inconsistent with the National Contingency Plan, promulgated pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

**FIRST CLAIM FOR RELIEF**
**(Cost Recovery Under Section 107 of CERCLA)**

25.     Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-

\*     \*     \*

(3)     any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances [a "generator" of hazardous substances] . . .

\*     \*     \*

shall be liable for - -

(A)     all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . . .

7

27. Each of the Defendants is within the class of liable persons described in Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), because each arranged for the disposal or treatment of hazardous substances at the Site within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29), and are jointly and severally liable to the United States for the costs of the response actions EPA has taken or will take at the Site, including enforcement costs and interest on all such costs.

### SECOND CLAIM FOR RELIEF
### (Injunctive Relief Under Section 106 of CERCLA
### And Maryland Environment Code Section 7-222)

28. Paragraphs 1-27 are realleged and incorporated herein by reference.

29. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides, in pertinent part, that:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or treat . . . .

30. Maryland Environment Code § 7-222(a)(2)(iii) similarly provides, in pertinent part, that:

> If any hazardous substance is released or there is a substantial threat of a release into the environment … the Secretary may: … when the Secretary determines that there may be an imminent and substantial endangerment to the public health or welfare or to the environment … seek injunctive relief … necessary to protect the public health and welfare or the environment.

31. The President, through his delegate, the Regional Administrator of EPA Region III, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at or from the Site.

32. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), each of the Defendants are jointly and severally liable for injunctive relief to abate the danger or threat presented by a release or a threatened release of hazardous substances into the environment at or from the Site.

33. EPA has determined that the OU-1 remedy selected in the ROD is necessary to abate the danger or threat at or from the Site.

34. Therefore, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), each of the Defendants is jointly and several liable to undertake the OU-1 remedial action identified in the ROD, which action EPA has determined is necessary to abate the danger or threat at or from the Site.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State, respectfully request that this Court:

A. Enter a judgment in favor of the United States and against the Defendants, jointly and severally, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all costs incurred and to be incurred by the United States, including enforcement costs and prejudgment interest, for response actions taken in connection with the Site;

B. Order the Defendants to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or environment, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a) and Maryland Environment Code § 7-222(a)(2)(iii), by undertaking the OU-1 remedy selected in the ROD;

C. Enter a declaratory judgment in favor of the United States and against the Defendants, pursuant to Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), that those Defendants are

jointly and severally liable for future response costs incurred by the United States in connection with the Site;

D. Award the United States its costs of this action; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


ERICA H. PENCAK
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 514-1543
Facsimile: (202) 514-0097


ROD J. ROSENSTEIN
United States Attorney
District of Maryland


TARRA DESHIELDS
Assistant United States Attorney
District of Maryland
36 S. Charles Street 4th Floor
Baltimore, MD 21201

jointly and severally liable for future response costs incurred by the United States in connection with the Site;

    D.    Award the United States its costs of this action; and

    E.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ERICA H. PENCAK
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 514-1543
Facsimile: (202) 514-0097


ROD J. ROSENSTEIN
United States Attorney
District of Maryland

TARRA DESHIELDS
Assistant United States Attorney
District of Maryland
36 S. Charles Street 4th Floor
Baltimore, MD 21201

OF COUNSEL:

ROBIN E. EISEMAN
Senior Assistant Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103

FOR THE STATE OF MARYLAND:

Hilary Miller 7/31/15

HILARY MILLER
Acting Director, Land Management Administration
1800 Washington Boulevard
Baltimore, Maryland 21230

Approved as to Legal Sufficiency:

Matthew Zimmerman 7/31/15

MATTHEW ZIMMERMAN
Office of the Attorney General
Maryland Department of the Environment